UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-------------------------------------------------------------X
                                                                                           :

BGD Legal & Consulting LLC                  :

                                      Plaintiff,                :

                               -v.                 :   **COMPLAINT WITH JURY**

                                                            :   **DEMAND**

Obsidian Advisory, LLC; Andrew LaBruna; and  :
Gabriella LoVerde

                                 Defendants.          :

-------------------------------------------------------------X

## COMPLAINT

BGD Legal & Consulting LLC ("Plaintiff") brings this action for breach of contract, showing the Court as follows.

## PARTIES

1. Plaintiff is a Georgia limited liability company, with its members citizens and residents of the State of Georgia.

2. Defendant Obsidian Advisory, LLC is a limited liability company with its principal place of business in Virginia. Upon information and belief, its members are citizens and residents of Virginia. It can be served at 400 Army Navy Drive No. 611, Arlington, VA 22202.

3. Defendant Andrew LaBruna is a citizen and resident of Virginia and the majority owner of Defendant Obsidian. He can be served at 400 Army Navy Drive No. 611, Arlington, VA 22202.

4. Gabriella LoVerde is a citizen and resident of Virginia.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves a dispute between parties with complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events, statements and omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

## **FACTS**

7. Plaintiff and Defendants entered into an engagement agreement on April 10, 2025.

8. According to the terms of the Agreement, Defendants were to secure meetings between senior party leadership of the AUR Party in Romania and senior officials in the US Administration prior to April 28, 2025.

9. It was understood between the Parties that Defendants were to secure meetings with either the President, Vice President, or Secretary of State.

10. Under the terms of the agreement, Defendants were paid $100,000.00 within 15 days of execution, with the remaining $400,000.00 due upon performance.

11. Plaintiff was introduced to Defendants by Defendant LoVerde, an employee of Defendant Obsidian, who stated that Defendant LaBruna had the ability to secure the meetings required under the Agreement.

12. Prior to executing the Agreement and sending the $100,000.00, Defendant LaBruna guaranteed Plaintiff that he could secure a meeting with the President, Vice President, or Secretary of State.

13. Plaintiff relied on Defendant LaBruna's guaranty, signed the Agreement, and issued the $100,000.00 payment.

14. Plaintiff would not have entered into the Agreement or transferred the $100,000.00 had Defendant LaBruna not guaranteed that they could secure a meeting with the President, Vice President, or Secretary of State.

15. But for the guaranty, Plaintiff would have secured the services of a different lobbying firm.

16. After execution of the Agreement and transfer of funds, Defendants LaBruna and Obsidian stated to Plaintiff that they had secured meetings with the President on Easter Weekend in Florida.

17. Defendants LaBruna and Obsidian sent a schedule to Plaintiff, stating that Chris Ruddy, CEO of NewsMax, was going to host a senior member of AUR at Mar-a-Lago Easter Weekend and secure a meeting and photo opportunity with the President.

18. The Thursday before the meetings were to take place on Saturday and Sunday, Defendant LaBruna informed Plaintiff that the President would not be in Florida and that no meetings would take place.

19. On information and belief, it was widely known prior to the Thursday before the Saturday meeting that the President would not be in Florida.

20. By the time Defendant LaBruna informed Plaintiff that no meeting would take place in Florida, the delegation from AUR had already travelled to the United States at significant expense.

21. The Friday before the meetings in Mar-a-Lago were to occur, Defendant LaBruna stated to Plaintiff and members of AUR that they had instead secured a meeting with the Secretary of State at the State Department for that Friday.

22. Defendant LaBruna stated that the meeting was confirmed and would take place between 1 and 2 PM.

23. No meeting at the State Department took place.

24. On information and belief, no meeting at the State Department with the Secretary of State was ever confirmed.

25. After it became clear that no meeting would occur with the Secretary of State, Defendants secured a meeting with an Undersecretary at the Department of Homeland Security.

26. Defendants LaBruna and Obsidian also guaranteed that Politico would run a story regarding the members of AUR's visit to the United States.

27. The Politico article promised by Defendants LaBruna and Obsidian was never published.

28. Defendants also promised that they would be able to secure interviews with AUR candidates on NewsMax and NewsNation. NewsNation declined an interview and Plaintiff, not Defendants, secured an interview on NewsMax.

29. Defendants LaBruna and Obsidian made several additional promises that were either not fulfilled or fulfilled days or weeks after Defendants promised they would occur.

30. On multiple occasions, after the meetings required under the contract did not occur, Defendants LaBruna and Obsidian promised Plaintiff that Defendants would refund the $100,000.00 payment.

31. Defendants have not refunded the $100,000.00 payment.

32. Plaintiff stated to Defendants multiple times that Plaintiff would not take action against Defendants provided Defendants refund the $100,000.00 in the event the underlying client did not pay in light of the promised meetings not occurring. Despite repeatedly promising to do so, Defendants ultimately have not refunded the $100,000.00.

33. Defendants' failure to secure the required meetings cost Plaintiff a fee of $1,500,000.00, which would have been earned had Defendants secured the promised meetings.

34. Defendants' failure to secure the promised meetings also cost Plaintiff in excess of $3,000,000.00 in future contracts had Defendants performed under the Agreement.

## CAUSES OF ACTION

## COUNT I

(Breach of Contract)

35. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-34 as if fully set forth herein.

36. Plaintiff and Defendants entered into an Agreement pursuant to which Defendants were to secure meetings with the President, Vice President, or Secretary of State prior to April 28, 2025.

37. Defendants failed to secure any of the promised meetings.

38. Defendants breached the Agreement by failing to secure the agreed upon and promised meetings.

39. Defendants breached their oral promises by failing to return the $100,000.00.

40. Plaintiff suffered actual and consequential damages in excess of $4,600,000.00.

41. Defendants are therefore liable to Plaintiff for, and Plaintiff hereby seeks, the actual and consequential damages caused by Defendants' breach of contract and for Plaintiff's reasonable attorney's fees and costs of litigation.

## COUNT II

(Attorney's Fees Under OCGA 13-6-11)

42. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-41 as if fully set forth herein.

43. Defendants have been stubbornly litigious and acted with fraudulent intent in refusing to resolve this matter, for which Defendants lack a good-faith defense, prior to litigation.

44. Plaintiff made multiple attempts to resolve this matter prior to filing suit.

45. As a result of Defendants' stubborn litigiousness and bad faith, Plaintiff was required to retain undersigned counsel and pursue litigation.

46. Plaintiff is therefore entitled to, and hereby seeks, its reasonable attorneys' fees and costs of litigation in pursuing this matter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff is entitled to a judgment against Defendant awarding Plaintiff:

1. Compensatory damages in an amount to be determined at trial, but not less and $4,600,000.00;

2. Costs and attorneys' fees incurred in connection with this action; and

3. Such further and other relief as this Court deems just and proper.

Plaintiff respectfully demands a trial by jury of all issues so triable.


Dated: June 5, 2025

*/s/ Daniel Delnero*
Daniel Delnero
Ga Bar No 347766
BGD Legal & Consulting
3017 Bolling Way NE, Suite 130
Atlanta, GA 30305
Telephone: +1 770 864 7740

*Attorneys for Plaintiff*